UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DON A.K. JAMES, JR., and
FREDERICK L. BREWER, a/k/a "Friday,"

        Defendants.

Case No. 22-CR-128

[21 U.S.C. §§ 841(a)(1) & 846; 18 U.S.C. § 2(a)]

**Green Bay Division**

## INDICTMENT

### COUNT ONE
(Conspiracy to distribute and
possess with the intent to distribute fentanyl)

**THE GRAND JURY CHARGES THAT:**

1. Beginning on or about December 27, 2021, and continuing until on or about February 9, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**DON A.K. JAMES, JR., and
FREDERICK L. BREWER, a/k/a "Friday,"**

knowingly and intentionally conspired with each other, and with persons known and unknown to the grand jury, to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The quantity of drugs involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators

1

reasonably foreseeable to each of them, involved 400 grams and more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vi).

## COUNT TWO
(Possession of fentanyl with the intent to distribute)

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 9, 2022, in the State and Eastern District of Wisconsin,

**DON A.K. JAMES, JR., and
FREDERICK L. BREWER, a/k/a "Friday,"**

knowingly and intentionally possessed with the intent to distribute 400 grams and more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi), and Title 18, United States Code, Section 2(a).

## COUNTS THREE THROUGH FIVE
### (Distribution of fentanyl)

THE GRAND JURY FURTHER CHARGES THAT:

On or about the following dates, in the State and Eastern District of Wisconsin,

**FREDERICK L. BREWER, a/k/a "Friday,"**

knowingly and intentionally distributed a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance:

| Count | Date |
|-------|------|
| Three | January 24, 2022 |
| Four | January 31, 2022 |
| Five | February 7, 2022 |

Each in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2(a).

4

## COUNT SIX
## (Possession of fentanyl with the intent to distribute)

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 21, 2022, in the State and Eastern District of Wisconsin,

### DON A.K. JAMES, JR.,

knowingly and intentionally possessed with the intent to distribute a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF FORFEITURE

1. Upon conviction of any of the controlled substance offenses in this indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

███████████████

FOREPERSON

Dated: 6-14-22

RICHARD G. FROHLING
United States Attorney

6