UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                        Case No. 22-CR-128

DON A.K. JAMES and FREDERICK L. BREWER,

      Defendants.

---

**ORDER DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL**

---

On February 15, 2023, following three days of trial, a jury returned verdicts finding both of the above-named defendants guilty of various offenses related to the sale and distribution of fentanyl. The jury found both defendants guilty of conspiracy to distribute and possess with intent to distribute fentanyl (Count One) and possession with intent to distribute fentanyl (Count Two). In addition, the jury found Brewer guilty of three separate distribution counts that occurred on January 24, 2022, January 31, 2022, and February 7, 2022 (Counts Three, Four, and Five). Finally, the jury found James guilty of two additional possession with intent to deliver fentanyl charges for offenses that occurred on February 21, 2022 and June 14, 2022 (Counts Six and Seven). In addition, the jury found that, as to James, the conspiracy in Count One involved 400 grams or more of a mixture and substance containing fentanyl, as did the possession with intent charge in Count Two. The possession with intent charge of Count Seven of which James was found guilty was found to involve 40 grams or more of fentanyl. As to Brewer, the jury found that the government had failed to prove the increased amounts alleged in both Counts One and Two.

When the verdicts were returned, both defendants renewed their motions for judgment of acquittal under Fed. R. Crim. P. 29. The court summarily denied the motions on the record as to Counts Two, Six, and Seven against James and Counts Three, Four, and Five against Brewer. The court concluded that the evidence was more than sufficient to support the jury's finding as to those counts. The motions as to the remaining counts were taken under advisement. Both defendants had argued that the conspiracy count showed no more than a buyer/seller relationship and Brewer argued that the evidence was insufficient to support a finding that he was guilty of possession with intent to distribute as alleged in Count Two. Because the questions raised as to those counts were more substantial, the court stated it would consider them further and issue a written order. Now, having reviewed the law applicable to buyer/seller relationships and examined more closely the evidence relating to both Counts One and Two, the court is satisfied that the defendants' motions should be denied.

If evidence presented at trial is insufficient to support a conviction, a district court must enter judgment of acquittal "either after the government has closed its evidence or after a jury has rendered a verdict or been discharged." *United States v. Garcia*, 919 F.3d 489, 496 (7th Cir. 2019); Fed. R. Crim. P. 29(a) & (c). Because great deference is afforded to jury verdicts, the evidence must be viewed in the light most favorable to the government and all reasonable inferences must be drawn in the government's favor. *United States v Maldonado*, 893 F.3d 480, 484 (7th Cir. 2018). "Any challenge to the sufficiency of the evidence comes with a heavy, indeed nearly insurmountable burden" and a court should reverse a jury verdict "only if no trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

Both defendants challenge the sufficiency of the evidence to support the jury's finding that they were guilty of a conspiracy to distribute and possess with intent to distribute fentanyl. They

claim that the evidence supports a finding, at most, of a buyer/seller relationship and that such a relationship is, by itself, not enough to establish a criminal conspiracy. As the Seventh Circuit has explained, "drug-distribution conspiracies hold a unique position in our legal sufficiency jurisprudence." *United States v Pulgar*, 789 F.3d 807, 812 (7th Cir. 2015). In such cases, the court must "overturn a conviction when the plausibility of a mere buyer-seller relationship is the same as the plausibility of a drug distribution conspiracy." *Id*. To sustain the charge of conspiracy, the government must prove "an agreement to distribute drugs that is distinct from evidence of the agreement to complete the underlying drug deals." *United States v. Johnson*, 592 F.3d 749, 755 (7th Cir. 2010). "Evidence of an agreement to advance further distribution—beyond the initial transaction—is therefore required." *Pulgar*, 789 F.3d at 812.

Here, the evidence was sufficient to support a jury's verdict that the two defendants were involved in a conspiracy to distribute a controlled substance. As the jury was instructed, to prove conspiracy the government must establish that 1) two or more people entered into an agreement to distribute drugs, and 2) the defendant knowingly and intentionally joined in the agreement. Such agreements are seldom express and, thus, are typically proved by circumstantial evidence. *Id.* at 813. "Circumstantial evidence may include multiple, large-quantity purchases, on credit. It may also include sales on consignment, payment of commission on sales, agreements to warn of threats to the flow of drugs, and provision of tools to advance the distribution." *Id*. However, there is no rigid list or formula to prove conspiracy in the absence of an express agreement.

The evidence established that James made at least one trip to Arizona during the term of the conspiracy to purchase more than 15,000 fentanyl tablets that were manufactured to appear as Percocet tablets, so-called "percs." James then returned to Green Bay, where Brewer served as one of his distributors. The evidence demonstrates that Brewer, as a major distributor for James,

was fully aware of his trip to Arizona and his flight arrangements. Brewer's Facebook account shows entries acknowledging James' return flight on January 9, 2022. At 9:14 p.m. on January 9, 2022, for example, Brewer receives a message from Blakkdoinnumbers on his Facebook account asking "U playing[,]" apparently seeking to buy "percs." Two minutes later Brewer responded "2834 university ave a bro Don hopping off the plane at 1030 tonight. I just wanted to make sure he gets in the house[.]" Blakkdoinnumbers responds "U wanna wait[.]" Brewer responds "I mean ion want bro to be with that load out here[.]" Brewer further states "it's still business for us[.]" Blakkdoinnumbers responds "Aw ok I see what u saying we can wait then[.]" Brewer responds "I'm open though bro anytime after that[.]" Ex. 30 at 439. The following day, Brewer is back on Facebook with the message "Got the percs." *Id.* at 188. When asked "how much," he states "25 apice." *Id.*

Brewer's Facebook postings make clear that he is selling "percs," i.e., fentanyl, throughout the time the conspiracy charged in Count One was alleged to have lasted, a fact further confirmed by the three controlled buys and the texts from Heather Legare found on Brewer's phone. Ex. 29. The evidence also supports the Government's assertion that the "percs" Brewer was selling were provided by James on an ongoing basis. On January 6, 2022, while he was in Arizona purchasing more "percs," James texted Brewer the address for a customer who was "waiting" to purchase. Ex. 62 at 1. On January 8th Brewer explains that his girlfriend has left him. Brewer states that "she's been gone since you left" but notes that "[w]e can handle the house though" suggesting that James was living with Brewer at that time, which was further confirmed by the fact that a car registered to James was parked outside the house during the controlled buy at that address. Ex. 62 at 1. On January 15, 2022, within a week of James' return from Arizona, Brewer texts James: I "need 50 at least. N when you coming back to the house?" *Id.* at 2. One hundred and forty dollars

4

(seven twenties) of the two hundred and fifty dollars in prerecorded currency used in the February 7, 2022 controlled buy linked to Brewer turned up in the cash James' sister attempted to post for his bail two weeks later. Then, after Brewer was arrested the following day, he called James from jail and told him he did exactly what James had told him to do if stopped by police—he hid the pills in his crotch. Ex. 14a. This evidence, along with all of the other evidence, is sufficient to establish that Brewer and James were not simply involved in a buyer/seller relationship, but that they were "in business." Brewer was a major distributor for James. James himself was seldom involved in the individual distribution. He was purchasing wholesale and relied on distributors, such as Brewer, to sell the drugs he bought to customers throughout the community. Based on all of this evidence, the court is satisfied that the jury's finding of a conspiracy has sufficient support in the record.

Brewer also challenges the sufficiency of the evidence to support the jury's finding of guilt that he aided and abetted the possession of fentanyl with the intent to distribute. This charge is based on the evidence that James returned from Arizona with well over 15,000 Percocet tablets containing fentanyl. Here again, Brewer's Facebook entries indicate that he was aware that James was returning to Green Bay with a large amount of fentanyl. The Government's theory was that Brewer aided and abetted James in his possession of the entire amount that James brought back from Arizona. Based on its answers to the amount questions on the verdict for Count Two the jury returned as to Brewer, it is apparent that the jury did not agree that Brewer had possessed the entire amount, even as an aider and abettor. But the jury apparently did conclude that at least some unknown number of the "percs" James brought back with him from Arizona were given to Brewer. The evidence presented, particularly Brewer's Facebook entry the following day, "Got the percs," Ex. 30 at 188, is sufficient to support the jury's conclusion that Brewer possessed at least some of

5

the fentanyl James brought back from Arizona "on or about January 9, 2022," with the intent to distribute as charged in Count Two of the indictment.

In sum, the evidence presented was more than sufficient to support the jury's verdicts as to both defendants and as to each count. The defendants' motions for judgment of acquittal pursuant to Fed. R. Crim. P. 29 are denied.

**SO ORDERED** at Green Bay, Wisconsin this 22nd day of February, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge